**Slip Op. 11-68**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

```
_____x
                                :
UNITED STATES OF AMERICA,       :
                                : Before:   Nicholas Tsoucalas,
           Plaintiff,           :           Senior Judge
                                :
      v.                        :
                                :
TREK LEATHER, INC.,             :
                                :           Court No. 09-00041
           and                  :
                                :
HARISH SHADADPURI,              :
                                :
           Defendants.          :
_____x
```

[Granting Plaintiff's Motion for Summary Judgment in part. Denying Defendant's Cross Motion for Summary Judgment.]

Dated: June 15, 2011

Tony West, Assistant Attorney General; Jeanne E. Davidson, Director, Franklin E. White, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Scott A. MacGriff); Mary McGarvey-Depuy, Office of the Associate Chief Counsel, United States Customs and Border Protection, Of Counsel, for Plaintiff.

Galvin & Mlawski (John Joseph Galvin), for Defendants.

**OPINION**

**Tsoucalas, Senior Judge**: Plaintiff United States Customs and Border Protection[1] ("the Government" or "CBP") commenced this

---

[1] The United States Customs Service was renamed the United States Bureau of Customs and Border Protection effective March 1, 2003. See Homeland Security Act of 2002, Pub.L. No. 107-296 § 1502, 2002 U.S.C.C.A.N. (116 Stat.) 2135, 2308; Reorganization Plan Modification for the Department of Homeland Security, H.R. Doc. No. 108-32, at 4 (2003).

action against Trek Leather, Inc. ("Trek"), and Harish Shadadpuri ("Mr. Shadadpuri") for unpaid customs duties and civil penalties for violating section 592 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1592 (2003).[2]  Currently before the Court are the Government's motion for summary judgment and the defendants' cross-motion for partial summary judgment pursuant to Rule 56 of the United States Court of International Trade.  In accordance with the decision rendered at oral argument on May 31, 2011, and based upon all the evidence in the record, the Court grants the Government's motion for summary judgment on Count II of the Complaint finding that both the defendants are liable, jointly and severally, for gross negligence under 19 U.S.C. § 1592(a).  The Court denies judgment on Count I and III of the Complaint as moot.  Lastly, the Court denies the defendants' cross motion in its entirety.

### I. Background

Trek was the importer of record for seventy-two entries of men's suits between February 2, 2004, and October 8, 2004.  Mr. Shadadpuri is the president and sole shareholder of Trek.  Pltf's Stmnt of Uncontested Fcts ("Uncontested Fcts") at 1.[3]  Mr.

---

[2] All further citations to the Tariff Act of 1930 are to the relevant provisions of the Title 19 of the United States Code, 2003 edition.

[3] While the defendants do not agree with every fact set forth in Plaintiff's Uncontested Facts, all references to that document herein are uncontested by all parties.

**Court No. 09-00041**                                                                                                    **Page 3**

Shadadpuri is the president and 40% shareholder of non-party Mercantile Electronics, LLC, the consignee of the subject goods. <u>Id.</u>

Mr. Shadadpuri, through his corporate entities, purchased fabric assists[4] and provided them to manufacturers abroad. <u>Id.</u> These manufacturers then incorporated the assists in the production of the men's suits at issue which were ultimately imported into the United States. <u>Id.</u> In August of 2004, CBP Import Specialist Dianne Wickware ("IS Wickware") investigated the defendants' activities and found that their entry documentation consistently failed to include the cost of fabric assists in the price actually paid or payable for the merchandise, thereby lowering the amount of duty paid to CBP by the importer ("the 2004 Investigation"). <u>Id.</u> at 3.

This was not the first time that Mr. Shadadpuri failed to

---

[4] In relevant part, 19 U.S.C. § 1401a(h)(1)(A) provides as follows:
> (1)(A) The term "assist" means any of the following if supplied directly or indirectly, and free of charge or at reduced cost, by the buyer of imported merchandise for use in connection with the production or the sale for export to the United States of the merchandise:
>
> (i) Materials, components, parts, and similar items incorporated in the imported merchandise.

19 U.S.C. § 1401a(h)(1)(A).

include assists in entry declarations.  In 2002, CBP investigated Mr. Shadadpuri's filed entries for another company he owned, Mercantile Wholesale, Inc. ("the 2002 Investigation"). Id. at 2. Mr. Shadadpuri was also the president and 40% shareholder of Mercantile Wholesale, Inc.  During the 2002 Investigation, IS Wickware found that Mercantile Wholesale, Inc. "consistently failed to include the cost of the fabric assists and trim in the price actually paid or payable for the merchandise on its entry documentation."  Declaration of Dianne Wickware at 2.  IS Wickware explained the term "assist" to Mr. Shadadpuri and advised him that "assists are dutiable and that the value of the fabric assists must be included on the importation documentation." Id. at 2-3.  After the 2002 Investigation, IS Wickware noted that Mercantile Wholesale, Inc. paid $46,156.89 in unpaid duties after admitting they failed to add the value of the assists in the price actually paid or payable for the merchandise.  Id. at 3.  No action was filed as a result of the 2002 Investigation.

In November, 2004, IS Wickware informed Mr. Shadadpuri that he did not declare the value of the fabric assists when importing the men's suits.  Id.  IS Wickware told Mr. Shadadpuri that the assist "should have been included in the price actually paid or payable for this merchandise for the purposes of calculating duty. [IS Wickware] said, 'You know you should have declared this,' to which he responded, 'I know.'"  Id. at 3-4.  Neither Mr. Shadadpuri nor

Trek have paid the balance of the remaining duties owed to the Government in the amount of $45,245.39.  Uncontested Fcts at 5.

In this action, the Government claims the defendants are liable for damages in the amount of $2,392,307.00 for fraudulently, knowingly, and intentionally understating the dutiable value of the imported merchandise by failing to add the value of the fabric assists to the value of the imported men's suits.  Compl. at 3-4.  Alternatively, the Government alleges the defendants were grossly negligent for their actions and seek imposition of a civil penalty in the amount of $534,420.32.  Id. at 4.  As an additional alternative, the Government alleges a negligence theory of liability and seeks penalties in the amount of $267,310.16.  Id. at 4-5.  Plaintiff further seeks a judgment for unpaid customs duties in the amount of $45,245.39.  Id. at 5.  At oral argument on May 31, 2011, Trek conceded liability for gross negligence but denied committing intentional fraud.  Mr. Shadadpuri denies all counts of the Complaint.

## JURISDICTION AND STANDARD OF REVIEW

On a motion for summary judgment, the Court evaluates "the pleadings, the discovery and disclosure materials on file, and any affidavits" in order to determine whether there is any "genuine issue as to any material fact" and, if none exists, whether the "movant is entitled to judgment as a matter of law."  USCIT R.

56(c); see <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322–23 (1986). A factual dispute is material if it could affect the outcome of the suit under the governing law. <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). The evidence should be viewed in the light most favorable to the non-moving party and all doubts resolved in its favor. <u>See</u> <u>Mazak Corp. v. United States</u>, 33 CIT __, __, 659 F. Supp. 2d 1352, 1356 (2009). The Court determines all issues <u>de novo</u> under 19 U.S.C. § 1592(e)(1) and jurisdiction is pursuant to 28 U.S.C. § 1582.

### III. Analysis

#### A. Intentional Fraud

There exists a question of fact as to whether the defendants intentionally committed fraud under 19 U.S.C. § 1592(a). The Government claims intent can be imputed from the record evidence. However, Mr. Shadadpuri contends it was an error and that he did not intentionally omit the assists. Examination Before Trial of Harish Shadadpuri at 80. "Intent is a factual determination particularly within the province of the trier of fact." <u>Allen Organ Co. v. Kimball Int'l, Inc.</u>, 839 F.2d 1556, 1567 (Fed. Cir. 1988). Therefore, the Court cannot grant the Government's motion for summary judgment as to the fraud count of the Complaint.

#### B. Gross Negligence

Defendants are liable for gross negligence under 19 U.S.C. §

**Court No. 09-00041**                                                                                      Page 7

1592(a),[5] if the violation "results from an act or acts (of commission or omission) done with actual knowledge of or wanton disregard for the relevant facts and with indifference to or disregard for the offender's obligations under the statute." 19 C.F.R. pt. 171, App. B(C)(2)(2003).  Turning to the facts before the Court, the defendants do not dispute that Mr. Shadadpuri, through his corporate entities, paid for and provided the fabric assists to the manufacturers, who then incorporated these assists into the finished suits.  <u>See</u> Uncontested Fcts at 1-2.  The declared value on the entries failed to reflect the cost of the dutiable fabric assists, and the entries filed for the suits were, therefore, false.  In addition to being false, the omissions were also material because it "has the natural tendency to influence or is capable of influencing agency action including, but not limited to a Customs action regarding: . . . (2) determination of an importer's liability for duty. . . ." 19 C.F.R. pt. 171, App. B(B)

---

[5]Section 1592(a) reads, in part,

> [N]o person, by fraud, gross negligence, or negligence-- (A) may enter, introduce, or attempt to enter or introduce any merchandise into the commerce of the United States by means of-- (i) any document or electronically transmitted data or information, written or oral statement, or act which is material and false, or (ii) any omission which is material, or (B) may aid or abet any other person to violate subparagraph (A).

19 U.S.C. 1592(a).

(2003).  "Understated prices in customs entry documents are material because they alter the appraisement and liability for duty of entered merchandise."  United States v. Menard, Inc., 16 CIT 410, 417, 795 F. Supp. 1182, 1188 (1992).  Therefore, the omissions on the entry documents were both material and false.

Trek conceded gross negligence at oral argument on May 31, 2011 as well as in their documents.  See Defendants' Memorandum in Opposition to Pl.'s Mot. For Summ. Judgement and in Support of Defendants' Cross-Motion for Partial Dismissal at 7 ("Defendants' failure to ensure that the value of material assists were included in dutiable value may have been occasioned by negligence or, indeed, grounded on reckless disregard or inattention to consequences.").

Mr. Shadadpuri contends that he cannot be personally liable for gross negligence because he did not act intentionally as an aider or abetter under 19 U.S.C. § 1592(a)(1)(B).  However, Mr. Shadadpuri is also a member of the class of "persons" subject to liability under 19 U.S.C. § 1592(a).  This section is not limited to importers of record.  Any "person" who engages in the behavior prohibited by 19 U.S.C. § 1592(a) is liable thereunder regardless of whether that "person" is the importer of record or not.  "The language of section 1592 leaves room for those other than the importer of record to be held accountable for violations." United States v. Matthews, ___ CIT ___, ___, 533 F. Supp. 2d 1307, 1313

(2007); see also United States v. Golden Ship Trading, 22 CIT 950, 953 (not reported in F. Supp. 2d) (1998) ("The plain language of the statute itself, which uses the term 'person' rather than 'importer,' refutes [this] contention."). Mr. Shadadpuri is personally liable under the statute because "[t]he plain language, which proscribes negligent false entries by a person, does not recognize an exception for negligent corporate officers . . . . [A] corporate officer who is negligent can be held liable under § 1592(a)." Id. at 956. Moreover, at oral argument, the defendants conceded it was Mr. Shadadpuri who had the responsibility and obligation to examine all appropriate documents including all assists within the entry documentation and to forward these assists to his customs broker. Lastly, Trek's admission of gross negligence directly implicates Mr. Shadadpuri. Gross negligence requires knowledge of or wanton disregard for offender's obligations. Trek's gross negligence, therefore, could not have been conceded but for the direct involvement of Mr. Shadadpuri, the sole shareholder of Trek and the only person who had knowledge of the statutory obligation due to his involvement in the 2002 Investigation, to which Trek was not a party. It is Mr. Shadadpuri who is the common denominator in both the 2002 and the 2004 investigations. Therefore, Mr. Shadadpuri can also be found personally liable under 19 U.S.C. § 1592(a).

The Court finds that the Government has clearly and

**Court No. 09-00041** Page 10

convincingly demonstrated that the defendants violated 19 U.S.C. § 1592(a). Specifically, (i) the defendants imported men's suits into the United States via false entry documents omitting the values of dutiable fabric assists; (ii) these omissions materially interfered with CBP's ability to properly assess duties on these imports; (iii) the defendants are both persons subject to liability; and (iv) the defendants were grossly negligent in their duties and responsibilities when they transmitted these entry documents to CBP with the omitted material information despite the awareness of their duty to declare assists.

There is no issue of material fact in dispute that might affect the outcome of the case under governing law. As such, based on all the evidence in the record and the defendants' admissions at oral argument on May 31, 2011, summary judgment is hereby granted to the Government on Count II of the Complaint. The defendants acted with gross negligence in violation of 19 U.S.C. § 1592(a) and are subject to penalties under 19 U.S.C. § 1592(c)(2).

### IV. Assessment of Damages

A. Recovery of Unpaid Duties

The "language and structure of § 1592 indicates that subsection (d) is not limited to only importers and their sureties, but is intended to apply to further the mandatory recovery of unpaid duty from any party liable under subsection (a)." See

<u>United States v. Inn Foods, Inc.</u>, 560 F.3d 1338, 1346 (Fed. Cir. 2009).  Accordingly, both defendants are liable for unpaid duties jointly and severally.

As a result of the defendants' violation of 19 U.S.C. § 1592(a), the Government is entitled to lost duties in the amount that would have been assessed had the defendants properly included the fabric assists in the value declared.  Accordingly, CBP is entitled to $45,245.39 from the defendants in unpaid customs duties.

### B. Civil Penalties

Under 19 U.S.C. § 1592(c)(2), "[a] grossly negligent violation of subsection (a) of this section is punishable by a civil penalty in an amount not to exceed-- (A) the lesser of-- (i) the domestic value of the merchandise, or (ii) four times the lawful duties, taxes, and fees of which the United States is or may be deprived. . . ."  19 U.S.C. § 1592(c)(2).

Therefore, the penalty in this action may not exceed $534,420.32.  The Court begins the penalty assessment on a clean slate without presuming that the maximum penalty should apply. <u>United States v. Complex Mach. Works Co.</u>, 23 CIT 942, 946, 83 F. Supp. 2d 1307, 1312 (1999).  The Court "possesses the discretion to determine a penalty within the parameters set by the statute." <u>United States v. Modes, Inc.</u>, 17 CIT 627, 636, 826 F. Supp. 504,

512 (1993). In making this determination, the defendants' degree of culpability is to be considered. See United States v. Thorson Chem. Corp., 16 CIT 441, 452, 795 F. Supp. 1190, 1199 (1992). In evaluating such culpability, the Court may consider both mitigating and aggravating factors in order to determine the appropriate penalty amount. See Matthews, __ CIT at __, 533 F. Supp. 2d at 1316. Here, the defendants have failed to make a good faith effort to comply with the statute. Also, they were previously investigated and found liable for the identical violation herein. The nature and circumstances of this violation is particularly grave given their awareness of their statutory obligations. Therefore, based on the factors enunciated in Complex Mach. Works Co., supra, the Court finds the defendants liable, jointly and severally, in the amount of $534,420.32.

## CONCLUSION

For the foregoing reasons, the Court determines that Trek and Mr. Shadadpuri committed gross negligence, in violation of 19 U.S.C. § 1592(a) by importing men's suits into the United States by means of material false entry documents with wanton disregard for and indifference to their obligations under the statute. Accordingly, the defendants are jointly and severally liable for (1) restoration of lawful customs duties under 19 U.S.C. § 1592(d)

in the amount of $45,245.39, plus pre judgment interest from the date of liquidation and post judgment interest; and (2) civil penalties under 19 U.S.C. § 1592(c)(2) in the amount of $534,420.32 plus interest.

                                                                              /s/ Nicholas Tsoucalas
                                                                             **NICHOLAS TSOUCALAS**
                                                                                 **SENIOR JUDGE**

Dated:     June 15, 2011
              New York, New York

**Slip Op. 11-68**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

```
_____x
                                :
UNITED STATES OF AMERICA,       :
                                :  Before:   Nicholas Tsoucalas,
           Plaintiff,           :            Senior Judge
                                :
      v.                        :
                                :
TREK LEATHER, INC.,             :
                                :            Court No. 09-00041
           and                  :
                                :
HARISH SHADADPURI,              :
                                :
           Defendants.          :
_____x
```

**JUDGMENT**

   This case having been duly submitted for decision and the Court, after due deliberation, having rendered a decision herein; now, in accordance with said decision, it is hereby

   **ORDERED** that plaintiff's motion for summary judgment pursuant to USCIT R. 56 for gross negligence under 19 U.S.C. § 1592(a) is granted; and it is further

   **ORDERED** that both defendants are jointly and severally liable to the plaintiff in the amount of $534,420.32 plus lawful interest for civil penalties pursuant to 19 U.S.C. 1592(c)(2); and it is further

   **ORDERED** that both defendants are jointly and severally liable to the plaintiff in the amount of $45,245.39 plus prejudgment interest from the date of liquidation and post judgment interest for the lawful custom duties owed; and it is further

   **ORDERED** that the Court having granted summary judgment for gross negligence, the claims pursuant to USCIT R. 56 for intentional fraud and negligence under 19 U.S.C. § 1592(a) are dismissed as moot;  and it is further

  **ORDERED** that defendants' cross-motion for partial summary judgment is denied.


                ___/s/ Nicholas Tsoucalas___
                 **NICHOLAS TSOUCALAS**
                  **SENIOR JUDGE**


Dated:  June 15, 2011
      New York, New York